946 F.2d 894
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard P. ELLIOTT, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 91-5666.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Richard P. Elliott, a federal prisoner, appeals through counsel the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Elliott was convicted following a jury trial in 1968 of kidnapping and escape and received a total sentence of sixty-five years imprisonment. He was paroled in 1982, and in 1984 violated his parole by failing to report his address and employment to his probation officer, as well as the commission of additional crimes resulting in convictions in both federal and state courts. He received a combined hearing before the Parole Commission on his new six year federal sentence and the revocation of his original parole. The Commission determined that Elliott should serve nine years before becoming eligible for parole. After pursuing his administrative remedies, Elliott filed this petition to challenge the Commission's findings. The district court adopted the Magistrate Judge's recommendation to deny the petition, over Elliott's objections. On appeal, Elliott argues that the district court erred in not holding an evidentiary hearing, and that the Parole Commission erred in considering allegations of a rape that he was not convicted of and other convictions which were under appeal or in which he claimed to have lacked counsel. He also alleges that he was not given advance notice that the evidence of the rape would be considered by the Commission.
 
 
 4
 Upon consideration, it is concluded that no evidentiary hearing was necessary in this case. Elliott was free to submit any evidence he deemed relevant without the necessity of a hearing. Moreover, it is concluded that the Parole Commission was not limited to considering only Elliott's final convictions or those which he alleged were valid, but was entitled to consider all relevant and available information. See Hackett v. United States Parole Comm'n, 851 F.2d 127, 130 (6th Cir.1987) (per curiam). Finally, Elliott was notified that the events of the night of the alleged rape were going to be considered by the Commission, and he had an opportunity to present his version of those events. Having received notice that the Commission would consider the events of that evening, he could not demonstrate any prejudice sufficient to entitle him to habeas corpus relief. See D'Amato v. United States Parole Comm'n, 837 F.2d 72, 77 (2d Cir.1988).
 
 
 5
 Accordingly, the district court's order denying this petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation